UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RAYMOND C. BISCHOFF                                                    PLAINTIFF

v.                                               CIVIL ACTION NO. 3:09-CV-898-H

BARRY WILLETT                                                          DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Raymond C. Bischoff, *pro se*, has filed a complaint, an application to proceed

without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), and a motion for emergency

preliminary injunction.  Because the Court concludes that Plaintiff cannot without undue

hardship pay the fees or costs in this action, **IT IS HEREBY ORDERED** that Plaintiff's motion

to proceed without prepayment of fees (DN 4) is **GRANTED**.

## I.

Plaintiff's complaint names as Defendant Barry Willett.[1]  Plaintiff alleges that Defendant

does not have jurisdiction over *Branch Banking & Trust Co. v. Bischoff*, 08-CI-06427.  Plaintiff

alleges "gross negligence, discrimination, and disregard in deprivation and defrauding Plaintiff

of rights and property, depriving Plaintiff of a jury trial, remedy for mortgage fraud, complicit to

causing Plaintiff loss of priceless buildings on national historic registry and five million dollars

in property equity."  Plaintiff adds that as of November 17, 2009, he will become homeless and

will lose several million dollars of equity in property.  As relief, he asks for an emergency

preliminary injunction, a "remedy against violations," and "reparation against violations."

In his motion for emergency preliminary injunction, Plaintiff asks for an emergency

---

[1] Although Plaintiff's complaint is not entirely clear on this point, the Court takes judicial
notice that Defendant Willett is a Kentucky state-court judge.

preliminary injunction against proceedings in *Branch Banking & Trust Co. v. Raymond Bischoff*, 08-CI-06427.  He cites 42 U.S.C. § 1983, 18 U.S.C. § 241, Amendments 1, 5, 7, and 14 of the U.S. Constitution, the Federal Tort Claims Act, and the Uniform Fraudulent Transfer Act.

## II.

The Court will first consider Plaintiff's motion for emergency preliminary injunction. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't.*, 305 F.3d 566, 573 (6th Cir. 2002). "There are four factors that are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served."  *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk Southern Corp.*, 927 F.2d 900, 903 (6th Cir. 1991).

The Court finds that a preliminary injunction is not warranted because Plaintiff cannot succeed on the merits.  Although no single factor is controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often the predominant consideration.  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal."); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("[W]hile, as a general matter, none of [the] four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

2

Plaintiff cannot succeed on the merits for the following reasons.  First, Plaintiff's claim for monetary damages against Defendant, a judge, is barred by the doctrine of absolute judicial immunity, under which judges are immune from monetary liability for decisions made within the scope of their official functions.  *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

Plaintiff's claims for injunctive relief against Defendant, a state-court judge, also will not succeed.  First, Plaintiff lists several constitutional amendments as well as § 1983 in his complaint.  Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983.  The Sixth Circuit has held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government.  *Thomas v. Shipka*, 818 F.2d 496, 4990 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).  Plaintiff has no cause of action directly under the Constitution.  Therefore, the Court considers Plaintiff's claims under the constitutional amendments as being part of his claim under § 1983.  *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

Section 1983 provides in pertinent part that "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*."  Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable.  Therefore, Plaintiff's claim against Defendant Willett under § 1983 for injunctive relief fails to state a claim.  *See Azubuko v. Royal*,

3

443 F.3d 302, 303-04 (3d Cir. 2006).

Plaintiff also does not state a claim under 18 U.S.C. § 241. Section 241 of Title 18 is part of the criminal code. It provides criminal penalties, not civil remedies, for, among other things, "deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States," under color of a state law, statute, ordinance, regulation, or custom. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). Thus, Plaintiff's claim under the criminal code fails.

To the extent that Plaintiff also cites the Federal Tort Claims Act (FTCA) as a basis for bringing his complaint, that claim also fails. A claim under the FTCA may only be asserted against the United States. *See* 28 U.S.C. § 2674. Plaintiff has not named the United States as a Defendant. Finally, the Uniform Fraudulent Transfer Act is not a law at all, but rather model legislation that some states have adopted. *See* 9C AM. JUR. 2D *Bankruptcy* § 2289.

Finally, even if Plaintiff's complaint did state a claim, the instant action would be barred by the *Rooker-Feldman* doctrine, which holds that inferior federal courts have no jurisdiction to review the final judgments of state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). Thus, where the source of Plaintiff's injury is a state-court decision, *Rooker-Feldman* bars a federal district court from hearing Plaintiff's claims. *See McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.

4

2006).

**WHEREFORE**, upon review, the Court **DENIES** Plaintiff's motion for emergency preliminary injunction (DN 3).

### III.

For the same reasons, the Court will dismiss Plaintiff's claims for failure to state a claim on initial review under 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007).

Although the complaint is not a model of clarity, it is apparent that Plaintiff takes issue with decisions made by Defendant during the scope of his official functions.  Defendant is immune from claims for monetary relief for those decisions.  *See Pierson*, 386 U.S. at 553-54; *Brookings*, 389 F.3d at 617.  Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable, and, thus, Plaintiff's claim against Defendant for injunctive relief under § 1983 fails to state a claim.  *See Azubuko v. Royal*, 443 F.3d at 303-04.  Plaintiff may not sue under § 241, which is part of the criminal code.  Nor may Plaintiff sue Defendant, a state-court judge, under the FTCA, *see* 28 U.S.C. § 2674, or under the "Uniform Fraudulent Transfer Act," which is not actual legislation.  Finally, even if Plaintiff's complaint did state a claim, the instant action would be barred by the *Rooker-Feldman* doctrine. *See McCormick v. Braverman*, 451 F.3d at 393.

By separate Order, the Court will dismiss Plaintiff's claims.

Date:

cc:      Plaintiff, *pro se*
         Defendant
4412.009

6